NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1883; *again*, January, 1884.

WHITE V. NELSON.

*In the matter of the application for probate of a paper propounded as the will of* JOHN G. NELSON, *deceased.*

A Japanese folding chair is equivalent to a family bible and a pair of ear rings, as a foundation for the jurisdiction of a Surrogate's court to take the proof of the will of a decedent, where the same depends upon the existence of personal property within his county.

Van Giessen v. Bridgford, 83 *N. Y.*, 348—compared.

A Surrogate's jurisdiction to take the proof of the will of a non-resident decedent, depending, under Code Civ. Pro., § 2476, subd. 3, upon the existence of "personal property," and not "assets," in his county, the presence of a chattel which, by 2 R. S., 83, § 9, is declared not to be assets, and is to be set apart for the family, is sufficient to satisfy the requirements of the first mentioned statute.

The effect of a domiciliary exemption act, upon chattels within the purview thereof, when brought into this State—declared.

UPON an application by F. Tracy Nelson, as executor, for probate of the will of decedent, a resident, at the time of his death, of the county of Essex in the state of New Jersey, it appeared that decedent died in 1874, after which, in 1879, the family removed to and resided in New York city and county, bringing with them a Japanese folding chair, belonging to decedent, the existence of which chattel in that county was the sole foundation for the claim of jurisdiction of the Surrogate's court of that county to entertain the application. Eliza T. White, and others, next of kin of decedent, opposed the application, on the ground of lack of jurisdiction, their counsel citing the Revised Statutes of the state of New Jersey (1709–1877), p. 762, § 52: "The wearing apparel of any person who shall die, leaving a family residing in this state, and goods and chattels, money and effects of the estate of such deceased to the value of two hundred dollars, shall be reserved to and for the use of the family, against all creditors, and before any distribution or other disposition thereof; and it shall be the duty of the executor or administrator of such deceased to apply to the Surrogate of the county where such deceased resided at the time of his death, and the said Surrogate shall thereupon appoint two discreet and judicious persons of said county, not interested in the estate of said deceased, and not next of kin to his widow or children, who shall, before they enter upon the duties of their appointment, be severally sworn before the Surrogate, or any person lawfully authorized to administer an oath, faithfully, honestly and impartially to appraise such property according to the true and intrinsic value thereof, with-

out reference to what the same might be supposed to bring at a sale by vendue; and said appraisers, being so appointed and sworn shall make an inventory and appraisement, in manner aforesaid, of the goods and chattels, moneys and effects whereof such deceased died possessed; which inventory and appraisement shall include all the property required to be inventoried and appraised by the executors or administrators of any deceased person; and the widow of the deceased, or his executor or administrator may select from such inventory goods and chattels, money or effects, to the value of two hundred dollars, and annex to said inventory a list thereof; and the goods and chattels, money or effects so selected shall thereupon become the property of said family and remain for their use."

GEO. W. BLUNT, *for petitioner.*

LORD, DAY & LORD, *for objectors.*

THE SURROGATE.—The evidence shows that there has been brought into the county of New York a "Japanese folding chair," which belonged to this decedent at the time of his death, and upon which, for aught that appears, no administration has yet been had. That fact gives the Surrogate of this county jurisdiction of the present proceedings. The New Jersey statute, cited by the respondent's counsel, does not stand in the way, as no steps are claimed to have been taken thereunder to set apart the property in question for the family of the decedent. The value of this chair is probably so inconsiderable that I might have doubted whether its existence in this county

afforded a sufficient basis for jurisdiction, but for the decision of the Court of Appeals in Van Giessen v. Bridgford (*83 N. Y., 348*). If a family bible and a pair of ear rings constitute sufficient assets for jurisdictional purposes, a Japanese folding chair may equally answer that end.

Subsequently, on January 17th, 1884, the following opinion was filed:

THE SURROGATE.—Since I decided that I had jurisdiction of this proceeding, my attention has been called to the provisions of part 2, ch. 6, tit. 3 of the Revised Statutes of New York.

Section 9 (*3 Banks, 7th ed., 2295*) provides as follows:

"Where a man having a family shall die leaving a widow, etc., the following articles shall not be deemed assets, but shall be included and stated in the inventory of the estate, without being appraised."

Then follows a list of the articles, which includes, among other things, "six chairs."

It is claimed that, though the existence in this county of the Japanese folding chair would, in the absence of this statute, alone suffice to give the Surrogate of New York jurisdiction of this estate, he is debarred from exercising such jurisdiction by the statutory exclusion of six chairs from the category of "assets."

This objection cannot be sustained. Section 2476 of the Code provides that "the Surrogate's court of each county has jurisdiction . . . . to take the proof of a will . . . . in either of the following cases: . . . . 3. Where the decedent, not being a resi-

dent of the State, died without the State leaving *personal property* . . . . which has since his death come into that county . . . . and remains unadministered.''

These provisions have taken the place of R. S. part 2, ch. 6, tit. 2, § 23; and of L. 1837, ch. 460, § 1.

In both those sections, the word *assets* is used, instead of the expression *personal property*, as it appears in the Code.

The reason for the change readily suggests itself, and is stated by one of the Code Commissioners in his note to § 2476.   The word *assets*, says Mr. Throop, ''is usually understood to relate only to personal property applicable to the payment of debts.   The Surrogate ought to have jurisdiction if any unadministered property exists, even though the whole is reserved by law to the widow or family.''   I think, therefore, that, upon the Japanese folding chair, even though it be not deemed ''assets,'' the jurisdiction of the Surrogate securely rests.